1    TRACY L. WILKISON
     United States Attorney
2    SCOTT M. GARRINGER
     Assistant United States Attorney
3    Chief, Criminal Division
     ANDREW BESHAI (Cal. Bar No. 308030)
4    Assistant United States Attorney
     Santa Ana Branch Office
5         8000 United States Courthouse
          411 West Fourth Street
6         Los Angeles, California 92706
          Telephone: (213) 220-7927
7         E-mail:   andrew.beshai2@usdoj.gov

8    Attorneys for Plaintiff
     UNITED STATES OF AMERICA
9
                    UNITED STATES DISTRICT COURT
10
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
     UNITED STATES OF AMERICA,          No. CR 21-116-RGK
12
               Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
13                                       KEENAN SMITH
                    v.
14
     KEENAN SMITH,
15
               Defendant.
16

17
          1.   This constitutes the plea agreement between Keenan Smith
18
     ("defendant") and the United States Attorney's Office for the Central
19
     District of California (the "USAO") in the above-captioned case.
20
     This agreement is limited to the USAO and cannot bind any other
21
     federal, state, local, or foreign prosecuting, enforcement,
22
     administrative, or regulatory authorities.
23
                         DEFENDANT'S OBLIGATIONS
24
          2.   Defendant agrees to:
25
          a.   At the earliest opportunity requested by the USAO and
26
     provided by the Court, appear and plead guilty to count one of the
27

28

indictment in <u>United States v. Keenan Smith</u>, CR No. 21-116-RGK, which charges defendant with Wire Fraud in violation of 18 U.S.C. § 1343.

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343, the following must be true:

a.   Defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

b.   The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

c.   Defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

d.   Defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

## PENALTIES AND RESTITUTION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years' imprisonment; a 3-year period of

3

supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable

4

1  and a virtual certainty that defendant will be removed or deported
2  from the United States.  Defendant may also be denied United States
3  citizenship and admission to the United States in the future.
4  Defendant understands that while there may be arguments that
5  defendant can raise in immigration proceedings to avoid or delay
6  removal, removal is presumptively mandatory and a virtual certainty
7  in this case.  Defendant further understands that removal and
8  immigration consequences are the subject of a separate proceeding and
9  that no one, including his attorney or the Court, can predict to an
10  absolute certainty the effect of his conviction on his immigration
11  status.  Defendant nevertheless affirms that he wants to plead guilty
12  regardless of any immigration consequences that his plea may entail,
13  even if the consequence is automatic removal from the United States.
14                              FACTUAL BASIS
15       9.   Defendant admits that defendant is, in fact, guilty of the
16  offense to which defendant is agreeing to plead guilty.  Defendant
17  and the USAO agree to the statement of facts provided below and agree
18  that this statement of facts is sufficient to support a plea of
19  guilty to the charge described in this agreement and to establish the
20  Sentencing Guidelines factors set forth in paragraph 11 below but is
21  not meant to be a complete recitation of all facts relevant to the
22  underlying criminal conduct or all facts known to either party that
23  relate to that conduct.
24       On May 23, 2019, defendant registered a fictitious business name
25  and opened and controlled a JP Morgan Chase Bank account in the name
26  of "ITT Cannon Sales."  Defendant did so at the instruction of a co-
27  schemer, even though defendant knew at the time that defendant did
28  not own or work for a company named "ITT Cannon Sales."  Defendant's

co-schemers would send an email to a representative of a victim company that falsely appeared to have been sent from a regular customer of that victim company, fraudulently directing the victim company to wire transfer funds into the JP Morgan Chase Account. Defendant admits that defendant participated in this scheme with the intent to defraud, that is, the intent to deceive and cheat the victim company.  Defendant further admits that defendant and his co-schemer's actions were intended to and did cause the victim company to pay money to the JP Morgan Chase Account by interstate wire.

Defendant would possess and use JP Morgan Chase debit card associated with the JP Morgan Chase Account so he could use and permanently retain the fraudulent proceeds.  As a result of defendant's and his co-schemer's scheme, the victim company transferred $33,632 into the JP Morgan Chase Account that defendant had opened, funds to which defendant knew he was not entitled.

On June 24, 2019, defendant made two cash withdrawals from the JP Morgan Chase Account, totaling $33,400.

SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

6

1   appropriate up to the maximum set by statute for the crime of
2   conviction.
3       11.   Defendant and the USAO agree to the following applicable
4   Sentencing Guidelines factors:
5       Base Offense Level:            7        U.S.S.G. § 2B1.1(a)(1)
6       Loss Amount > $15,000         +4        U.S.S.G. §2B1.1(b)(1)(C)
7       Defendant and the USAO reserve the right to argue that
8   additional specific offense characteristics, adjustments, and
9   departures under the Sentencing Guidelines are appropriate.
10      12.   Defendant understands that there is no agreement as to
11  defendant's criminal history or criminal history category.
12      13.   Defendant and the USAO reserve the right to argue for a
13  sentence outside the sentencing range established by the Sentencing
14  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
15  (a)(2), (a)(3), (a)(6), and (a)(7).
16                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>
17      14.   Defendant understands that by pleading guilty, defendant
18  gives up the following rights:
19          a.   The right to persist in a plea of not guilty.
20          b.   The right to a speedy and public trial by jury.
21          c.   The right to be represented by counsel -- and if
22  necessary have the Court appoint counsel -- at trial.  Defendant
23  understands, however, that, defendant retains the right to be
24  represented by counsel -- and if necessary have the Court appoint
25  counsel -- at every other stage of the proceeding.
26          d.   The right to be presumed innocent and to have the
27  burden of proof placed on the government to prove defendant guilty
28  beyond a reasonable doubt.

1        e.    The right to confront and cross-examine witnesses
2   against defendant.
3        f.    The right to testify and to present evidence in
4   opposition to the charges, including the right to compel the
5   attendance of witnesses to testify.
6        g.    The right not to be compelled to testify, and, if
7   defendant chose not to testify or present evidence, to have that
8   choice not be used against defendant.
9        h.    Any and all rights to pursue any affirmative defenses,
10  Fourth Amendment or Fifth Amendment claims, and other pretrial
11  motions that have been filed or could be filed.
12                  WAIVER OF APPEAL OF CONVICTION
13       15.  Defendant understands that, with the exception of an appeal
14  based on a claim that defendant's guilty plea was involuntary, by
15  pleading guilty defendant is waiving and giving up any right to
16  appeal defendant's conviction on the offense to which defendant is
17  pleading guilty.  Defendant understands that this waiver includes,
18  but is not limited to, arguments that the statute to which defendant
19  is pleading guilty is unconstitutional, and any and all claims that
20  the statement of facts provided herein is insufficient to support
21  defendant's plea of guilty.
22             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE
23       16.  Defendant agrees that, provided the Court imposes a total
24  term of imprisonment within or below the range corresponding to an
25  offense level of 8 and the criminal history category calculated by
26  the Court, defendant gives up the right to appeal all of the
27  following: (a) the procedures and calculations used to determine and
28  impose any portion of the sentence; (b) the term of imprisonment

8

1  imposed by the Court; (c) the fine imposed by the Court, provided it
2  is within the statutory maximum; (d) to the extent permitted by law,
3  the constitutionality or legality of defendant's sentence, provided
4  it is within the statutory maximum; (e) the term of probation or
5  supervised release imposed by the Court, provided it is within the
6  statutory maximum; and (f) any of the following conditions of
7  probation or supervised release imposed by the Court: the conditions
8  set forth in Second Amended General Order 20-04 of this Court; the
9  drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and
10 3583(d); and the alcohol and drug use conditions authorized by 18
11 U.S.C. § 3563(b)(7).

12      17.  The USAO agrees that, provided (a) all portions of the
13 sentence are at or below the statutory maximum specified above and
14 (b) the Court imposes a term of imprisonment within or above the
15 range corresponding to an offense level of 8 and the criminal history
16 category calculated by the Court, the USAO gives up its right to
17 appeal any portion of the sentence, with the exception that the USAO
18 reserves the right to appeal the amount of restitution ordered if
19 that amount is less than $33,632.

20              RESULT OF WITHDRAWAL OF GUILTY PLEA
21      18.  Defendant agrees that if, after entering a guilty plea
22 pursuant to this agreement, defendant seeks to withdraw and succeeds
23 in withdrawing defendant's guilty plea on any basis other than a
24 claim and finding that entry into this plea agreement was
25 involuntary, then (a) the USAO will be relieved of all of its
26 obligations under this agreement; and (b) should the USAO choose to
27 pursue any charge that was either dismissed or not filed as a result
28 of this agreement, then (i) any applicable statute of limitations

9

1  will be tolled between the date of defendant's signing of this
2  agreement and the filing commencing any such action; and
3  (ii) defendant waives and gives up all defenses based on the statute
4  of limitations, any claim of pre-indictment delay, or any speedy
5  trial claim with respect to any such action, except to the extent
6  that such defenses existed as of the date of defendant's signing this
7  agreement.

8                    EFFECTIVE DATE OF AGREEMENT
9       19.  This agreement is effective upon signature and execution of
10 all required certifications by defendant, defendant's counsel, and an
11 Assistant United States Attorney.

12                      BREACH OF AGREEMENT
13      20.  Defendant agrees that if defendant, at any time after the
14 signature of this agreement and execution of all required
15 certifications by defendant, defendant's counsel, and an Assistant
16 United States Attorney, knowingly violates or fails to perform any of
17 defendant's obligations under this agreement ("a breach"), the USAO
18 may declare this agreement breached.  All of defendant's obligations
19 are material, a single breach of this agreement is sufficient for the
20 USAO to declare a breach, and defendant shall not be deemed to have
21 cured a breach without the express agreement of the USAO in writing.
22 If the USAO declares this agreement breached, and the Court finds
23 such a breach to have occurred, then: (a) if defendant has previously
24 entered a guilty plea pursuant to this agreement, defendant will not
25 be able to withdraw the guilty plea, and (b) the USAO will be
26 relieved of all its obligations under this agreement.
27      21.  Following the Court's finding of a knowing breach of this
28 agreement by defendant, should the USAO choose to pursue any charge

                                  10

1   that was either dismissed or not filed as a result of this agreement,

2   then:

3          a.   Defendant agrees that any applicable statute of

4   limitations is tolled between the date of defendant's signing of this

5   agreement and the filing commencing any such action.

6          b.   Defendant waives and gives up all defenses based on

7   the statute of limitations, any claim of pre-indictment delay, or any

8   speedy trial claim with respect to any such action, except to the

9   extent that such defenses existed as of the date of defendant's

10   signing this agreement.

11          c.   Defendant agrees that: (i) any statements made by

12   defendant, under oath, at the guilty plea hearing (if such a hearing

13   occurred prior to the breach); (ii) the agreed to factual basis

14   statement in this agreement; and (iii) any evidence derived from such

15   statements, shall be admissible against defendant in any such action

16   against defendant, and defendant waives and gives up any claim under

17   the United States Constitution, any statute, Rule 410 of the Federal

18   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

19   Procedure, or any other federal rule, that the statements or any

20   evidence derived from the statements should be suppressed or are

21   inadmissible.

22            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

23                            OFFICE NOT PARTIES

24       22.   Defendant understands that the Court and the United States

25   Probation and Pretrial Services Office are not parties to this

26   agreement and need not accept any of the USAO's sentencing

27   recommendations or the parties' agreements to facts or sentencing

28   factors.

                                  11

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

25.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

KRISTIN N. SPENCER                          2/22/2022
Assistant United States Attorney            Date

KEENAN SMITH                                2/17/2022
Defendant                                   Date

JOSEPH SHEMARIA                             2/17/2022
Attorney for Defendant KEENAN SMITH         Date

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.

13

1  I have discussed the evidence with my attorney, and my attorney has
2  advised me of my rights, of possible pretrial motions that might be
3  filed, of possible defenses that might be asserted either prior to or
4  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
5  of relevant Sentencing Guidelines provisions, and of the consequences
6  of entering into this agreement.  No promises, inducements, or
7  representations of any kind have been made to me other than those
8  contained in this agreement.  No one has threatened or forced me in
9  any way to enter into this agreement.  I am satisfied with the
10 representation of my attorney in this matter, and I am pleading
11 guilty because I am guilty of the charge and wish to take advantage
12 of the promises set forth in this agreement, and not for any other
13 reason.

14

15 KEENAN SMITH                                    Date  02/17/2022
16 Defendant

17

18

19               CERTIFICATION OF DEFENDANT'S ATTORNEY

20      I am KEENAN SMITH's attorney.  I have carefully and thoroughly
21 discussed every part of this agreement with my client.  Further, I
22 have fully advised my client of his rights, of possible pretrial
23 motions that might be filed, of possible defenses that might be
24 asserted either prior to or at trial, of the sentencing factors set
25 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
26 provisions, and of the consequences of entering into this agreement.
27 To my knowledge: no promises, inducements, or representations of any
28 kind have been made to my client other than those contained in this

                              14

agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _____
JOSEPH SHEMARIA                                       Date
Attorney for Defendant KEENAN SMITH